**J. Edward JONES, Plaintiff-Appellant,**

**v.**

**Evelyn S. JONES et al., Defendants-Appellees.**

**No. 16765.**

United States Court of Appeals
Seventh Circuit.

March 5, 1969.

J. Edward Jones, appellant pro se.

John J. Stamos, State's Atty., Donald J. Veverka, Asst. State's Atty., Chicago, Ill., William G. Clark, Atty. Gen., John J. O'Toole, Asst. Atty. Gen., of counsel, for defendants-appellees McCormick, Schwartz and Dempsey.

Louis C. Warchol, Chicago, Ill., pro se.

Bernard B. Brody, Chicago, Ill., pro se and for Gerald Lee Turek.

Richard G. Stege, Jr., Gertrude Stege, River Forest, Ill., for appellee Evelyn Jones.

Before CASTLE, Chief Judge, and KILEY and KERNER, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff-appellant Jones seeks a review of an order of the District Court dismissing his complaint which alleged a violation of his civil rights and was brought under 42 U.S.C. § 1983.

The Court takes judicial notice of a series of legal actions between the Jones' in the Illinois courts beginning in the middle 1950's. Plaintiff-appellant Jones and defendant-appellee Jones were hus-

band and wife and the various actions filed dealt with their marital matters. One of the actions involved a petition by Evelyn Jones for alimony and child support. An order for temporary child support was entered in the Circuit Court of Cook County, Illinois. J. Edward Jones refused to make any payments and was held in contempt and committed to jail. On appeal before the Illinois Appellate Court, First District, certain aspects of the proceedings were reversed and the contempt and commitment orders were sustained. Jones v. Jones, 40 Ill.App.2d 217, 189 N.E.2d 33 (1963).

The civil rights action filed in the United States District Court named as defendants, Evelyn S. Jones, members of her family, her lawyers, judges of the Circuit Court and judges of the Illinois Appellate Court, and alleged that these defendants had combined to unconstitutionally deprive him of his constitutional rights. Motions to dismiss were filed and were granted on January 5, 1967. Notices of the dismissal were mailed.

Appellant filed a motion to vacate the order of dismissal under Rule 60(b) on January 3, 1968. This motion to vacate was denied and plaintiff-appellant appeals.

■ Circuit Judges David A. Canel, Raymond P. Drymalski and Alphonse A. Wells, and Appellate Judges Ulysses S. Schwartz, John V. McCormick and John T. Dempsey are named defendants. Each of these judges performed judicial functions in matters involving the various suits of the Jones.' The immunity of judges from liability in the regular performance of their official duties under 42 U.S.C. § 1983, is well established and finds its root in the common law and was most recently confirmed in Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966); Brown v. Dunne, 409 F.2d 341 (7th Cir. Feb. 13, 1969); Stambler v. Dillon, 288 F.Supp. 646 (S.D.N.Y.1968).

■■ Attorneys Warchol, Brody and Turek are lawyers who represented Evelyn Jones in proceedings before the Circuit and Appellate Courts of Illinois in private litigation. Lawyers who are not also parties in interest and are engaged in private litigation on behalf of clients do not act under color of state law within the meaning of 42 U.S.C. § 1983. Every litigant is entitled to a zealous advocate in the presentation of his matters before the court. The state merely provides a forum for the litigants and although lawyers are considered "officers of the court," they are not officers of the state within the meaning of the Civil Rights Act. See Skolnick v. Spolar, 317 F.2d 857 (7th Cir. 1963), cert. denied, 375 U.S. 904, 84 S.Ct. 195, 11 L.Ed.2d 145, reh. denied, 375 U.S. 960, 84 S.Ct. 439, 11 L.Ed.2d 318; Skolnick v. Martin, 317 F.2d 855 (7th Cir. 1963); Meier v. State Farm Mutual Auto Ins. Co., 356 F.2d 504 (7th Cir. 1966), cert. denied, 385 U.S. 875, 87 S.Ct. 151, 17 L.Ed.2d 102, and United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Cf. Link v. Greyhound Corp., 288 F.Supp. 898 (E.D.Mich.1968). Moreover, it would be improper for attorneys and judges who were not parties in interest to be joined with the other parties defendant. Brown v. Dunne, *supra.*

Evelyn S. Jones, Richard G. Stege and Gertrude Stege, his wife, are the only other defendants not previously dealt with in this opinion. Plaintiff-appellant Jones' allegations involving these defendants refer back to the year 1962, four years prior to the filing of his action in the federal District Court.

■ Neither federal common law nor the federal Civil Rights statute fixes a time limit within which suits for alleged violations must be commenced. The cases are clear that there being no federal statute fixing a limitation, the applicable statute of the forum state which governs the closest analogous state action will control. These last named defendants filed motions to dismiss the complaint and among other motions, pleaded the statute of limitations. O'Sullivan v. Felix, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980 (1913); Wilson v. Hinman, 172 F.2d 914–915 (10th

Cir. 1949), cert. denied, 336 U.S. 970, 69 S.Ct. 933, 93 L.Ed. 1121; Mohler v. Miller, 235 F.2d 153, 155 (6th Cir. 1956); Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir. 1964).

In considering the substance of the alleged injury and not merely the name given to it by the parties, we hold that the statute of limitation in Chapter 83, Illinois Revised Statutes, § 15 (§ 14 of the Limitations Act) applies:

> Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution * * * shall be commenced within two years next after the cause of action accrued.

*See* Tranowski v. Chicago Bar Ass'n, 309 F.2d 421 (7th Cir. 1962), and Hileman v. Knable, 391 F.2d 596 (3d Cir. 1968). *Compare* Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958), in which a five year limitation was applied to an action for conspiracy under 42 U.S.C. § 1985.

The complaint establishes the date of November 5, 1962, as the date of the court order upon which the wrongful action is based. The complaint was filed June 29, 1966, more than two years after the alleged action accrued.

For the foregoing reasons, the decision of the District Court is affirmed.

Affirmed.