**Anton SKRAPITS, Plaintiff,**

v.

**Anthony SKALA and James Divis, Defendants.**

**No. 69 C 2217.**

United States District Court, N. D. Illinois, E. D.

June 26, 1970.

William J. Nellis, of Blacher, Buckun & Nellis, Chicago, Ill., for plaintiff.

John F. Laughlin, of Price, Schlager, Burgeson & Thomas, Chicago, Ill., for defendants.

### MEMORANDUM OPINION

#### Motion To Dismiss

MAROVITZ, District Judge.

This is a civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution. The incident giving rise to this action allegedly involved false imprisonment and malicious prosecution accompanied by physical injury. Defendants have moved to dismiss this action for failure to comply with a six month notice provision of Illinois law, Ill.Rev.Stat. Ch. 85, § 8–102 (1967).

Where, as in Federal civil rights actions, a Federal statute does not provide a limitations period, appropriately analogous state limitations provisions are to be invoked. Baker v. F & F Investment, 420 F.2d 1191, 1193–1197 (7th Cir. 1970); Jones v. Jones, 410 F.2d

365, 366 (7th Cir. 1969). Because an action based on 42 U.S.C. § 1983 is a statutory right of action, the Seventh Circuit has held that it is "a 'civil action not otherwise provided for' within the meaning of [Ill.Rev.Stat. Ch. 83, § 16 (1967)] and is governed by the five-year statute." Wakat v. Harlib, 253 F. 2d 59, 63 (7th Cir. 1958). However, in another factual situation, the details of which are not reported, a section 1983 action was the subject of a two year limitations provision Ill.Rev.Stat. Ch. 83, § 15 (1967) applicable to damage actions for personal injury, false imprisonment and malicious prosecution. Jones v. Jones, 410 F.2d 365, 367 (7th Cir. 1969).

■ The Complaint alleges that the beatings and improper arrest and imprisonment occurred on November 22, 1968. The Complaint was filed on October 28, 1969. Having been filed within one year of the alleged incident, the Complaint is not violative of any limitations period.

Defendants' contention that the notice provision of Ill.Rev.Stat. Ch. 85, § 8–102 (1967) applies is not well founded. That provision states that in tort actions involving public employees detailed notice of a personal injury must be served on the employer public entity within six months after the alleged accident. Under Ill.Rev.Stat. Ch. 85, § 8–103 (1967) failure to serve this notice timely bars subsequent action. See Fannon v. City of Aurora, 106 Ill.App.2d 408, 410, 245 N.E.2d 286 (1969); Schear v. City of Highland Park, 104 Ill.App.2d 285, 289, 244 N.E.2d 72 (1968).

The defect in defendants' argument is that the cited sections, especially in comparison to other limitations provisions, are not closely analogous to the instant action. Historically and literally, the statutes upon which defendants rely involve garden variety personal injuries or torts. Ritsema Millgard, Inc. v. Michael J. McDermott & Co., 295 F.Supp. 180–181 (N.D.Ill.1969). In the instant case, plaintiff has not alleged negligence nor are damages sought for classical torts.

Rather, plaintiff is complaining about an alleged deprivation of his federal constitutional rights. Such a claim is based on privileges and immunities granted by law and would not be actionable under section 1983 if the damage was inflicted by a private person, i. e., not under color of law. See Ill.Rev.Stat. Ch. 85, § 1–204 (1967).

We find that the closest analogy to the instant action is not the tort immunity scheme suggested by the defendants, but the state provision regarding false imprisonment and malicious prosecution. Consequently, this action is not barred and the motion to dismiss is denied.