Mrs. Barbara Jean **HORNSBY** et al.,
Plaintiffs-Appellants,

v.

The **FISH MEAL COMPANY** et al.,
Defendants-Appellees.

Jeraldine Fruge **WILLIAMS** et al.,
Plaintiffs-Appellants,

v.

**LOUISIANA MENHADEN COMPANY**,
Inc., et al., Defendants-Appellees.

No. 26749.

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1970.

J. B. Jones, Jr., Cameron, La., Fromkin & Fromkin, Omaha, Neb., for Hornsby and another.

Payton R. Covington, Lake Charles, La., for Jeraldine Fruge Williams.

Edgar F. Barnett, Lake Charles, La., A. R. Christovich, Jr., New Orleans, La., L. B. Ullstrom, Denver, Colo., for defendants-appellees; Christovich & Kearney, New Orleans, La., of counsel.

Plauche & Plauche and A. Lane Plauche, Lake Charles, La., for Fireman's Fund Ins. Co.

Before JOHN R. BROWN, Chief Judge, and GODBOLD, Circuit Judge and CABOT, District Judge.

JOHN R. BROWN, Chief Judge:

Time and tide do not wait, but Courts do.[1] What was a perplexing issue has been resolved by the deliverance of the Supreme Court, an event for which we hopefully waited.

This case arose from the events on a clear summer afternoon in 1966. Roy Hornsby and Charles Williams were piloting small, single engine aircraft over the Gulf of Mexico, within one marine league of the Louisiana shore and thus the Death on the High Seas by Wrongful Act statute is inapplicable. 46 U.S. C.A. § 761 et seq. Each was engaged in spotting schools of menhaden for their respective employers' surface fishing boats when their aircraft collided, plunging into the sea and killing the pilots.

There has been no adequate explanation of the causes and exact circumstances of the collision. The survivors of each pilot sought damages for their wrongful deaths. And the District Court, 285 F.Supp. 990, assessed responsibility for this aeronautical enigma by attributing the cause of the collision to each pilot—50% to Hornsby and 50% to Williams. The District Court, however, denied recovery to both families on the ground that there was no death action at admiralty and that under the adjacent state's—Louisiana—wrongful death ac-

1. Decision in this case was deferred pending Supreme Court action in Moragne. *infra.* Delay

tion applicable contributory negligence was an absolute bar.[2]

We reverse the District Court. There is now a cause of action for wrongful death in admiralty that is not dependent on adjacent state law. Consequently, the traditional admiralty comparative negligence doctrine is applicable. This has been done, hopefully in response to this Court's entreaties in *Emerson, Trinidad,* and others, see note 2, *supra,* by the Supreme Court's recent action in Moragne v. States Marine Lines, Inc., 1970, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, 1970 A.M.C., where the Court overruled The Harrisburg, 1886, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358, which held there was no action for wrongful death at admiralty.

The survivors of both Williams and Hornsby also argue that the factual conclusion of the District Court that the negligence of each pilot was 50% of the cause of the collision is clearly erroneous. We have, however, carefully reviewed the record and the precise and extensive findings of facts of the District Court and in the light of that review we hold that those findings are still buoyant and not below their Plimsoll mark. See F.R.Civ.P. 52(a). The same is true to the extent there is a serious effort to scuttle them by the employers-airplane owners. Thus we remand this case to the command of the District Court for a determination of the damages suffered by the survivors of each pilot. Grigsby v. Coastal Marine Service, etc., 5 Cir., 1969, 412 F.2d 1011, 1023–1029, 1969 A.M.C. 1513.

Reversed and remanded.

2. The District Court took great pains to divine the applicable state standard in the pale dawn of The Tungus v. Skovgaard, 1958, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed. 2d 524, 1959 A.M.C. 813; Emerson v. Holloway Concrete Products Co., 5 Cir. 1960, 282 F.2d 271, 278, 1961 A.M.C. 1484, (dissenting opinion); Thibodeaux v. J. Ray McDermott & Co., 5 Cir., 1960, 276 F.2d 42, 47, 1961 A.M.C. 1469; and Kenney v. Trinidad Corp., 5 Cir., 1965,

349 F.2d 832, 1965 A.M.C. 1659, and the twilight of L.C.C. art. 2315. See Huson v. Chevron Oil Co., 5 Cir., 1970, 430 F.2d 27, 1970 A.M.C. Full daylight is, however, now available. See Moragne, *infra.*