George KLEIN, Plaintiff,

v.

Lawrence J. SPRINGBORN, Sheriff of DuPage County, et al., Defendants.

Louis C. Revere, et al., Defendants' names per Answer.

No. 69 C 370.

United States District Court, N. D. Illinois, E. D.

June 9, 1971.

Adamowski, Newey & Riley, Chicago, Ill., for plaintiff.

Perry L. Fuller, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants Lawrence J. Springborn, Louis C. Revere, Harold Eggert and Stanley C. Lange.

Isham, Lincoln & Beale, Chicago, Ill., for defendant Peter Ernst.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS

ROBSON, Chief Judge.

The defendants move to dismiss this civil rights action. For the reasons stated below, this court is of the opinion the motion should be denied.

On May 5, 1971, the day upon which this two-year old matter was set for trial, the defendants orally moved to dismiss this action on the grounds that it is barred by the applicable Illinois statute of limitations. This untimely motion was made notwithstanding the fact that on February 5, 1971, the defendants approved "as to form and substance" a pretrial order stipulating that the jurisdiction of the court under the federal civil rights act was not disputed. Pretrial Order, p. 1.

In support of this motion, the defendants rely upon Ill.Rev.Stat.1969, Ch. 85, § 8–102, which provides that in tort actions involving public employees, a detailed notice of alleged personal injuries resulting from any accident caused by such employees must be served upon the employer public entity within six months after the alleged acci-

dent. Failure to timely serve this notice bars subsequent litigation by operation of § 8–103 of the same statute. The defendants also rely on § 8–101, which imposes a one-year statute of limitations upon civil suits against public entities. The defendants assert that these provisions are applicable here because they were acting within the scope of their employment as public employees during the arrest and detention of the plaintiff, which is the basis of this suit. The defendants' argument improperly presumes an ultimate issue, i. e., whether or not the defendants acted in good faith in causing the arrest and detention of the plaintiff pursuant to a void writ. These defendants are accused of *abusing* powers conferred upon them by state law in order to violate the constitutional rights of the plaintiff. *See* Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Bell v. Hosse, 31 F.R.D. 181, 183–184 (M.D.Tenn.1962). These allegations do not remotely resemble a tort action against a municipality for the negligence of its employees. As stated by this court in its order of December 16, 1970, denying the defendants' earlier motion for summary judgment, the issue whether or not the defendants knowingly caused the execution of a void writ upon the plaintiff must be resolved by the trier of fact.

It is undisputed that the plaintiff filed this action approximately fifteen months after the alleged cause of action accrued. In actions brought pursuant to 42 U.S.C. §§ 1983 and 1985, federal courts apply the state statute of limitations for analogous actions. Baker v. F & F Investment, 420 F.2d 1191, 1193–1197 (7th Cir. 1970); Jones v. Jones, 410 F.2d 365, 366 (7th Cir. 1969). The statute of limitations most analogous to this action, which is predicated upon an alleged incident of false arrest and false imprisonment, is the two-year limitation of Ill.Rev.Stat.1969, Ch. 83, § 15, applicable to damage actions for personal injury, false imprisonment and malicious prosecution. Jones v. Jones, *supra*, at 367; Skrapits v. Skala, 314

F.Supp. 510, 511 (N.D.Ill.1970). Since this action was filed within two years after the alleged cause of action accrued, the motion to dismiss is without merit.

It is therefore ordered that the motion to dismiss be, and it is hereby denied.