**Mattie Lee SIMPSON and Howard Simpson, Plaintiffs-Appellants,**

v.

**Knut KNUTSEN, O.A.S., Defendant-Appellee.**

**Mattie Lee SIMPSON and Howard Simpson, Plaintiffs-Appellees,**

v.

**Knut KNUTSEN, O.A.S., Defendant-Appellant.**

Nos. 24299, 24301.

United States Court of Appeals, Ninth Circuit.

June 23, 1971.

**524**

Van H. Pinney (argued), Dorsey Redland, of Redland, Elder & Pinney, San Francisco, Cal., for Mattie Lee Simpson and Howard Simpson.

E. Judge Elderkin (argued), Thomas A. Welch, of Brobeck, Phleger & Harrison, San Francisco, Cal., for Knut Knutsen, O. A. S.

Before BROWNING, HUFSTEDLER and CHOY, Circuit Judges.

PER CURIAM:

Appellants, the widow and son of a longshoreman, brought this wrongful death action on the bases of diversity of citizenship, the California Wrongful Death Act (California Code of Civil Procedure Sec. 377), and the general maritime law of the United States. The District Court, jury-waived, found that the vessel moored in San Francisco Bay on which the longshoreman was working when he met accidental death, was unseaworthy; that the unseaworthiness was a proximate cause of the accident; that there was negligence on the decedent's part contributing to the accident; that applying the rule of comparative negligence, the damages awarded should be reduced by fifty percent; that the damages awarded to the widow should include nothing for loss of consortium; that income taxes on the decedent's earnings should not be considered in computing damages; and that the adult son's claim for loss of support, affection and companionship was without merit. Judgment was entered accordingly.

Appellants contend that the District Court erred in refusing to award damages for loss of care, comfort and society of decedent (consortium), and in finding the decedent guilty of contributory negligence and applying the doctrine of comparative negligence. Appellee cross-appealed contending that the District Court erred in refusing to deduct income taxes in computing loss of the decedent's earnings.

The parties and the District Court had been laboring under the doctrine of The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886), that no action lay under general maritime law to recover for wrongful death absent a statutory right thereto, which doctrine had been judicially modified to permit such action under a state wrongful death statute when the death resulted from a maritime tort committed within the territorial waters of that state. Western Fuel Co. v. Garcia, 257 U.S. 233, 242, 42 S.Ct. 89, 90, 66 L.Ed. 210 (1921).

However, after the appeal and cross-appeal were filed herein, and the briefs submitted by the parties, the Supreme Court held in Moragne v. State Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), that an action for wrongful death does lie under general maritime law for violation of maritime duties, expressly overruling *The Harrisburg*.

█ We find that under general maritime law the District Court did not err

in refusing to award damages for loss of consortium,[1] and in finding contributory negligence and applying the doctrine of comparative negligence.[2] We, therefore, affirm the judgment as to appellants.

■ As to appellee's cross-appeal, we remand the matter to the District Court for reconsideration of the issue of deduction of income taxes in computing loss of the decedent's earnings in the light of *Moragne.*

Affirmed in part; remanded in part.

Reno S. Harp, III, Asst. Atty. Gen., for appellant.

George G. Grattan, IV, Richmond, Va., on the brief, for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

1. Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257 (2d Cir. 1963) cert. den. 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d 969; Petition of United States Steel Corporation, 436 F.2d 1256 (6 Cir. 1970).

2. Hornsby v. Fish Meal Co., 431 F.2d 865 (5 Cir. 1970).