**Evelyn GERTZ, as Administratrix of the Estate of Alfred Gertz, Deceased, Plaintiff-Appellant,**

v.

**Jack McCARTY, Defendant-Appellee.**

No. 25856.

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1971.

Raymond J. Conboy (argued), of Pozzi, Wilson & Atkinson, Portland, Or., for plaintiff-appellant.

James H. Clarke (argued), Wayne Hilliard, of McColloch, Dezendorf, Spears & Lubersky, Portland, Or., for defendant-appellee.

Before HAMLEY, HAMLIN and KILKENNY, Circuit Judges.

HAMLIN, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Oregon which denied appellant's claim for damages for the wrongful death of her husband in a boating accident.

---

On August 5, 1967, appellant, her husband and her aunt, accompanied by defendant McCarty, his wife and daughter, set out in McCarty's 18-foot outboard motorboat to cross the dangerous Nehalem Bay bar on the Oregon coast. While crossing the bar, McCarty turned his boat about and headed for shore. Once the turn was completed, a wave struck the boat and capsized it, thereby drowning appellant's husband and aunt and Mrs. McCarty.

Appellant, as administratrix of her husband's estate, brought a wrongful death action in the Oregon District Court pursuant to that court's admiralty and maritime jurisdiction (28 U.S.C. § 1333). The court, sitting without jury, held that McCarty was guilty of no negligence which was the proximate cause of Mr. Gertz' death.

This appeal raises two issues. First, appellant contends the trial court applied an incorrect legal standard in reaching its determination. Second, appellant argues that the record does not support the trial court's finding on the negligence issue.

Appellant's first argument is that the trial court erroneously applied state law rather than general maritime law in reaching its negligence findings. She contends that this procedure was inconsistent with the edict of Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970)[1], in which the Supreme Court held that the general maritime law recognizes the right of recovery in wrongful death actions of this type. Under this general maritime law, comparative negligence would apply and the decedent's contributory negligence would not operate to totally bar recovery as it would have under Oregon law.

Assuming that Moragne would permit recovery in this case[2] if actionable negligence on the part of appellee were proven, that fact is not determinative of this appeal.

There is nothing contained in the findings of fact or the conclusions of law to indicate that the trial court applied state law. There is no holding on, nor mention of, the contributory negligence question in the court's final findings. There is not one scintilla of support for appellant's contention that contributory negligence was a factor in the trial court's holding. The sole basis for the court's holding rested in its explicit finding that McCarty was guilty of no negligence. Under the Moragne-mandated federal maritime law, such a finding would necessarily preclude recovery. Thus, under either state or federal law, the fact that defendant was not negligent requires a judgment in defendant's favor.

Therefore, if appellant is to prevail on this appeal, she must succeed on her second contention, that there was no basis in fact for the trial court's finding of no negligence.

A finding as to negligence is a finding of fact. Ramos v. Matson Nav. Co., 316 F.2d 128 (9th Cir. 1963). As such, it is governed by the rule that such findings will not be upset unless "clearly erroneous." Dean v. United States, 418 F.2d 1236 (9th Cir.), cert. denied, 398 U.S. 905, 90 S.Ct. 1695, 26 L.Ed.2d 64 (1969); DuBose v. Matson Nav. Co., 403 F.2d 875 (9th Cir. 1968). This rule prevails even in non-jury trials in admiralty. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); City of Long Beach v. National Development Co., 289 F.2d 586 (9th Cir.), cert. denied, 368 U.S. 901, 82 S.Ct. 177, 7 L.Ed.2d 95 (1961).

For this court to find that the findings of fact are clearly erroneous, it must be left with the definite and firm

---

1. Decided after the District Court judgment in this case.

2. Simpson et al. v. Knutsen, 444 F.2d 523 (9th Cir. 1971); Raskin v. P. D. Marchessini, Inc., 437 F.2d 563 (2d Cir. 1971); United States Steel Corp. v. Lamp, 436 F.2d 1256 (6th Cir. 1970), cert. denied 402 U.S. 987, 91 S.Ct. 1649, 29 L.Ed.2d 153 (1971); Hornsby v. Fish Meal Co., 431 F.2d 865 (5th Cir. 1970).

**1106**

conviction that a mistake has been made, States S. S. Co. v. Permanente Steamship Corp., 231 F.2d 82 (9th Cir. 1956).

Testimony at trial disclosed that McCarty had crossed the Nehalem bar many times. Both sides testified that McCarty and Gertz were experienced boaters and that neither of them noticed any untoward danger on the bar that morning. All witnesses testified that they had not observed any small craft warning that should have been present if the conditions were dangerous. Expert testimony established that the heavy breakers on the bar were unusually high due to an extraordinarily strong ebb tide. When McCarty was about one hundred or one hundred fifty feet from the Coast Guard patrol boat he saw someone on the Coast Guard boat "waiving his arms and yelling over toward us." He could not hear what the man said. At that time he saw another 18-foot boat which was nearer the Coast Guard boat make a turn and head back toward the shore. He was influenced by this action and, in a slit "between the waves," made his turn toward the shore. It was after completing this turn that a breaker got under the stern of the boat and capsized it.

Based on these facts and testimony, the trial judge found that McCarty did not receive any warning signals which he failed to heed, that he did not fail to take any evasive action which would have precluded the capsizing, that McCarty had maintained an adequate lookout for warning devices, and that there were no unusually dangerous conditions that were known to McCarty. From these findings, the court concluded that McCarty was guilty of no actionable negligence.

 The court will exercise no greater scope of review as to findings of fact in admiralty than in civil cases. States S. S. Co. v. Permanente Steamship Corp., *supra*. Examination of the testimony upon which the trial court based its findings of fact and legal conclusions does not leave this court with the definite and firm conviction that an error was made. Therefore, the trial court's finding of no negligence on the part of McCarty was not "clearly erroneous" and must be affirmed.

Affirmed.