Barbara A. GREEN, as natural guardian, etc., et al., Plaintiffs,

v.

Harry J. ROSS et al., Defendants.

Civ. No. 72–144.

United States District Court, S. D. Florida, Miami Division.

March 6, 1972.

James V. Dolan, of Walsh, Dolan & Krupnick, Fort Lauderdale, Fla., for plaintiffs.

Richard F. Ralph, of Ralph & Boyd, Miami, Fla., for defendants.

## ORDER

ATKINS, District Judge.

This cause is before the Court on various motions filed by the defendants. It is a suit by and on behalf of certain relatives of Michael Ray Green to recover damages which allegedly occurred as a result of an incident in which the decedent was run over by a speedboat while skindiving. The Court has considered the memoranda submitted and heard the arguments of counsel. A few general observations seem appropriate as we venture into the relatively uncharted waters to which district courts were given access by the landmark opinion in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L. Ed.2d 339 (1970).

Moragne, of course, for the first time permitted a wrongful death action to be brought in admiralty under the maritime law. In this case, we are initially confronted by two problems which the Moragne court anticipated: the proper beneficiaries and the proper elements of damages. The Court there suggested that lower courts might look for guidance to the state wrongful death acts, the Jones Act, the Death on the High Seas Act, or the Longshoremen's and Harbor Workers' Compensation Act.

It is evident that Moragne was a remedial decision. Certain plaintiffs, because of the location of their fatal injuries or simply because they died rather than survived, found the doors of the federal court barred to them. The apparent injustice fostered by The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358 (1886) has been cured. It also appears that, in the Fifth Circuit, this newly-created cause of action to redress wrongful deaths occurring within state territorial waters is to be liberally fashioned. In Dennis v. Central Gulf Steamship Corp., 323 F.Supp. 943, 947 (E.D. La.1971), Judge Rubin held that "state wrongful death statutes no longer provide the measure of damages for death in coastal waters." While affirming the decision as to specific recoverable elements of damages, the Fifth Circuit noted that, despite the admitted quest for uniformity, "federal courts may look to state law and adopt it as the general maritime law if it is not inimical to the maritime law." Dennis v. Central Gulf Steamship Corp., 453 F.2d 137, 140 (5th Cir. 1972).

These two themes of liberality and uniformity must therefore be reconciled. Defendants argue strenuously that the Death on the High Seas Act (D.O.H.S. A.) must be followed wherever possible. If not, death cases might be routinely plagued by the question of whether or not the wrongful act which caused death occurred within a marine league from shore, with plaintiffs striving to state either a D.O.H.S.A. or a Moragne claim, depending on the allowable recovery. This is persuasive only to the extent that Dennis does not compel a contrary position, as it does in reference to damages.

■ I feel that the beneficiaries named in the complaint are all properly included. The only one challenged by defendants is Charles Anthony Laphan, a natural child of the decedent's widow who was supported by the decedent from the date of marriage until his death. Relying upon the dependent relative test of the D.O.H.S.A., I think that recovery on behalf of the decedent's stepson is permissible here. Accord, Petition of United States, 418 F.2d 264, 270 (1st Cir. 1969).

■ It is appropriate, however, for the claims to be brought by the personal representative for the exclusive benefit of the eligible beneficiaries, as is done under the D.O.H.S.A. The complaint in the case sub judice must be amended in that respect to state a claim by the administratrix for the exclusive use and benefit of the decedent's widow, son, and stepson. The claim on behalf of the estate for survival damages, such as decedent's pain and suffering and loss of income between the time of the accident and death, may be included with the above described claims of the personal

representative, although such claim would, of course, inure to the benefit of the estate.

■ Substantively, the complaint is satisfactory in most respects. Plaintiff concedes that, under Branch v. Schumann, 445 F.2d 175 (5th Cir. 1971), defendant Ross cannot be held to the high standard of care created by F.S.A. § 371.52. The board is correctly deemed a "dangerous instrumentality," though, and said reference may remain in the complaint for whatever other purpose it may serve.

■ The recovery sought for loss of consortium and companionship is, within the meaning of *Dennis, supra,* "inimical to the maritime law," and must therefore be stricken. *See, e. g.* Simpson v. Knutsen, 444 F.2d 523 (9th Cir. 1971); Petition of United States Steel Corp., 436 F.2d 1256, 1279 (6th Cir. 1970). Similarly, the demand for jury trial is inapposite in this case, absent diversity of citizenship. This cause is brought under the admiralty jurisdiction for wrongful death arising from a breach of maritime duties, i. e., negligence. In spelling out the elements of the *Moragne* "cause of action", the courts are not free to create a right to trial by jury where none has existed. Apart from any independent jurisdictional basis (which is not alleged here), an admiralty claimant has no jury trial right unless he sues under a statute which expressly provides it, such as the Jones Act. Ballard v. Moore-McCormack Lines, Inc., 285 F.Supp. 290, 292 (S.D.N.Y.1968).

■ At the hearing, I indicated that the admiralty comparative negligence rule, rather than the absolute contributory negligence bar, would govern this case. *Cf.* Hornsby v. Fish Meal Co., 431 F.2d 865 (5th Cir. 1970); Simpson v. Knutsen, *supra.* I also stated, with the agreement of counsel, that punitive damages were not recoverable except, perhaps, in relation to the claim for survival damages. Thus it was decided that the motion to strike the prayer for

punitive damages should be denied without prejudice to defendants' right to renew it at a later date.

Accordingly, it is ordered and adjudged as follows:

1. The motion to dismiss and the motion to require proper pleadings are granted to the extent indicated above of requiring plaintiff to file an amended complaint as described *supra* asserting the claims through the personal representative for the exclusive use and benefit of the named beneficiaries. Leave to amend within ten days from the entry of this order is hereby granted.

2. In all other respects, said motions are denied. Defendants shall answer the amended complaint within ten days from the date of receipt of it.

3. The motion to strike the prayer for damages for loss of companionship and consortium is granted.

4. The motion to strike the demand for trial by jury is granted.

5. In all other respects, the motion to strike is denied.

6. The motion for more definite statement is denied.