**Robert W. HANSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 71-3024.**

United States Court of Appeals, Ninth Circuit.

March 12, 1973.

Lyle C. Cavin, Jr., of Sullivan, Johnson, Graham & Cavin, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Lawrence F. Ledebur, Chief, Admiralty and Shipping Section, U. S. Dept. of Justice, Washington, D. C., Charles Craycroft, Norman B. Richards, of McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for appellee.

Before CHAMBERS, HAMLEY, and BROWNING, Circuit Judges.

PER CURIAM:

Hanson sued the United States for injuries sustained when he fell through a temporarily uncovered deck opening on the *S.S. St. Augustine Victory*, a vessel owned by the government. Hanson was a crewman at the time of the incident.

This case presents issues of seaworthiness of the vessel, negligence of the crew, and Hanson's contributory negligence. All these issues involve questions of fact which, in this case, could have been de-cided either way. The district court found for the government, however, and we are not to upset its findings unless we find that they are clearly erroneous. Gertz v. McCarty, 450 F.2d 1104 (9th Cir. 1971). The judge could reasonably infer that a "comealong" remained in place while a ship's engineer made a brief trip to the machine shop to get some tools. The judge could also have found, as he did, that the crew was not negligent, and that Hanson was negligent in stepping backward into the opening of which he was aware.

The judgment is affirmed.