**Edward AMEN, Plaintiff,**

v.

**Officer R. CRIMMINS and Lieutenant Gruber, Defendants.**

**No. 74 C 356.**

United States District Court,
N. D. Illinois, E. D.

May 28, 1974.

Merwin Auslander, Chicago, Ill., for plaintiff.

Clausen, Hirsh, Miller & Gorman, Bernard J. Hennessy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the motion of the defendants to dismiss the complaint.

This is an action seeking to redress the alleged deprivation of the plaintiff's civil rights guaranteed by the United States Constitution and protected by the Civil Rights Act of 1871, 42 U.S.C. § 1983. The jurisdiction of this Court is apparently based on 28 U.S.C. §§ 1331 and 1343.

The plaintiff in his complaint alleges, *inter alia*, the following facts:

1. On April 23, 1971, and at all times mentioned herein, the plaintiff, Edward Amen, was on active duty with the United States Navy until his discharge on or about October 19, 1973. The defendants, Police Officer R. Crimmins and Police Lieutenant Gruber, were employed as police officers by the Village of Norridge, a municipal corporation, located in Cook County, Illinois.

2. That on or about April 23, 1971, Police Officer R. Crimmins, without any probable cause whatsoever, arrested the plaintiff and charged the plaintiff with a violation of Chapter 95½, Section 11-504, of the 1969 Illinois Statutes, an offense commonly referred to as drag racing. That the plaintiff had not committed said crime nor operated a motor vehicle at the time of the alleged offense was a fact well known to said defendant, R. Crimmins.

3. That as a result of said arrest, the plaintiff was deprived of his rights secured by the Constitution of the United States of America in that said arrest was without probable cause and that plaintiff was incarcerated in a cell located at the Village of Norridge Police Station having a common address of 4020 North Olcott, Norridge, Illinois. That while plaintiff was arrested and at the above mentioned premises in the presence of and under the supervision of Lieutenant Gruber, the plaintiff was severely beaten and assaulted about the head and body by Police Officer R. Crimmins. That during the above-mentioned arrest and incarceration of the plaintiff, said defendants refused to allow the plaintiff to make any contact, including by telephone, with his lawyer or any other person. That as a direct and proximate result of the said beating and physical violence administered to the plaintiff by the defendants, and each of them, the plaintiff was caused to suffer great pain and mental anguish, the plaintiff was rendered sick, sore, lame and disabled and in the future, the plaintiff will continue to suffer pain, mental anguish and be permanently disabled in that the plaintiff has suffered complete loss of hearing in his right ear as the result of a severed auditory nerve on his right side; and the plaintiff in the future will suffer loss of earnings and will incur great future medical expenses as the result of his said injuries.

The defendants, in support of their motion to dismiss, contend that the instant action is barred by the applicable statute of limitations, Chapter 83 § 15 of the Illinois Revised Statutes.[1]

The plaintiff, in opposition to the instant motion, contends that the instant action is not barred by the applicable statute of limitations because the statute of limitations is tolled until October 19, 1973 pursuant to 50 U.S.C.App. § 525.[2]

---

[1]. This statute provides:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years after the cause of action accrued."

Chapter 83 § 15 of the Illinois Revised Statutes.

[2]. This statute provides:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, bureau, commission, department, or other agency of government by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action or the right or privilege to institute such action or proceeding shall have accrued prior to or during the period of such service, nor shall any part of such period which occurs after the date of enactment of the Soldiers' and Sailors' Civil Relief Act Amend-

It is the opinion of this Court that the instant action is not barred by the applicable statute of limitations.

The statute under which this action was brought, 42 U.S.C. § 1983, does not provide for any period of limitations. In this situation, it is clear that the Court must look to the statute of limitations which Illinois would enforce had this action been brought there. O'Sullivan v. Felix, 233 U.S. 318, 34 S. Ct. 596, 58 L.Ed. 980 (1914); Hornsby v. Fishmead Company, 431 F.2d 865 (5th Cir. 1970); Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1959). Illinois has no statute of limitations directly applicable to an action alleging deprivation of civil rights. It is clear to this Court that the applicable statute of limitations in Illinois for an action under 42 U.S.C. § 1983 is Chapter 83 § 16 of the Illinois Revised Statutes,[3] which creates a five-year statutory period for bringing civil actions not otherwise provided for. See Duncan v. Nelson, 466 F.2d 939 (7th Cir. 1972); Wakat v. Harlib, *supra*.

The defendants' contention that the two year statute of limitations of Section 15 of Chapter 83 is incorrect.[4] Since this action was brought well within the five-year limitations period, the statute of limitations is no bar.

Since the applicable statute of limitations is five years, this Court need not reach the question of whether the statute of limitations was tolled by 50 U.S.C.App. § 525. In passing, this Court will only note that Courts have liberally construed 50 U.S.C.App. § 525, providing for tolling of statutes of limitations with respect to actions by or against persons in active military service, in order to promote tranquility in military service and to protect a person from losing a meritorious claim because he was in active military service of his country. Carr v. United States, 422 F.2d 1007 (4th Cir. 1970).

Accordingly, it is hereby ordered that the defendants' motion to dismiss is denied.

ments of 1942 [Oct. 6, 1942] be included in computing any period now or hereafter provided by any law for the redemption of real property sold or forfeited to enforce any obligation, tax or assessment."
50 U.S.C.App. § 525.

3. This statute provides:
    "Except as provided in Section 2–725 of the 'Uniform Commerial Code', approved July 31, 1961, as amended, and Section 11–13 of 'The Illinois Public Aid Code', approved April 11, 1967, as amended, actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."
Chapter 83 § 16, Illinois Revised Statutes.

4. The defendants, to support their position, have cited two opinions of this district which have held that the two year statute of limitations is applicable. See Skraputs v. Skala, 314 F.Supp. 510 (N.D.Ill.1970); Klein v. Springborn, 327 F.Supp. 1289 (N.D.Ill.1971). However, it is the opinion of this Court that those cases are not controlling and that the Seventh Circuit has clearly stated the appropriate statute of limitations period to be the five-year period provided for in Chapter 83 § 16 of the Illinois Revised Statutes. Duncan v. Nelson, *supra*, and Wakat v. Harlib, *supra*. See Holmes v. Silver Cross Hospital of Joliet, Illinois, 340 F.Supp. 125 (N.D. Ill.1972). See also Contract Buyers League v. F & F Investment, 300 F.Supp. 210 (N. D.Ill.1969), aff'd sub nom., Baker v. F & F Investment, 420 F.2d 1191 (7th Cir. 1970), cert. denied, 400 U.S. 871, 91 S.Ct. 40, 27 L.Ed. 49 (1970).