**Allan R. CAGE, Plaintiff,**

**v.**

**Lucius M. BITOY, Individually and in his official capacity as detective, Chicago Police Department, and Theodore Faulkner, Individually and in his official capacity as detective, Chicago Police Department, Defendants.**

**No. 75 C 2940.**

United States District Court,
N. D. Illinois, E. D.

Jan. 13, 1976.

Allan H. Cage, pro se.

William R. Quinlan, Corp. Counsel, Asst. Corp. Counsel, George Michael Keane, Jr., Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

Plaintiff Allan R. Cage brings this action under 42 U.S.C. §§ 1983 and 1983(3) with jurisdiction present under 28 U.S.C. § 1343(3) to redress an alleged violation of his civil rights when he was arrested in January 22, 1970 by defendants Lucius M. Bitoy and Theodore Faulkner who are Chicago Police Officers. Plaintiff alleges that the arrest was without probable cause and that his ensuing confinement in the penitentiary and alleged mistreatment there are attributable to defendants as a result of their initial wrongful act against him.

Defendants have moved to dismiss the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure upon the ground that the complaint on its face is barred by the applicable statute of limitations.

Congress has made no provision for a period of limitations for Sections 1983 and 1985(3) actions. A federal court is to follow the limitation period fixed by the law of the forum state. *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914). If the action is regarded as one in the nature of false arrest, Section 14 of the Illinois Statute of Limitations prescribes a two-year period within which the action may be commenced. Ill.Rev.Stat. ch. 83, § 15 (1973); *Jones v. Jones*, 410 F.2d 365 (7th Cir. 1969); *Klein v. Springborn*, 327 F.Supp. 1289 (N.D.Ill.1971). If, on the other hand, because of the allegation that defendants acted jointly, the action is regarded as one in conspiracy to violate plaintiff's civil rights, Section 15 of the Illinois Statute of Limitations which prescribes a five-year period is applicable. Ill.Rev.Stat. ch. 83, § 16 (1973); *Weber v. Consumers Digest, Inc.*, 440 F.2d 729 (7th Cir. 1971); *Wakat v. Harlib*, 253 F.2d 59 (7th Cir. 1958).

In either event, it appears that plaintiff's action is time barred.

Defendants' motion to dismiss is granted and judgment will enter dismissing plaintiff's action.