791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
OTIS MACK GIBSON, Plaintiff-Appellant,
v.
HOWARD L. WAGERMAN, Defendant-Appellee.
 84-6114
 United States Court of Appeals, Sixth Circuit.
 4/16/86
 
 AFFIRMED
 W.D.Tenn.
 ORDER
 BEFORE: KRUPANSKY, GUY and BOGGS, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from the district court's order of summary judgment dismissing his 42 U.S.C. Sec. 1983 Civil Rights complaint. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon consideration of the parties' briefs, the certified record, and the transcript, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff was convicted by a jury for assault with intent to commit murder. He filed a civil rights complaint in the district court against his former counsel and the prosecuting attorneys alleging that they conspired to deprive him of his constitutional right to a fair trial by suppressing exculpatory evidence. Upon motion, the district court dismissed the action against the prosecutors based on their immunity from damages in civil rights actions. However, the court sustained the action against plaintiff's former counsel pending consideration of additional evidence submitted by the parties in support and contravention of summary judgment in favor of defendant. Plaintiff did not provide any factual support of his allegations. Upon consideration of defendant's consideration of defendant's evidence and affidavits submitted in support thereof, the district court granted summary judgment and dismissed plaintiff's complaint for failure to state a claim upon which relief could be granted. Plaintiff appealed.
 
 
 3
 Upon consideration, this Court finds that the district court's judgment must be affirmed. The district court's dismissal of the prosecuting attorneys from the action was correct. Imbler v. Pachtman, 424 U.S. 409 (1976). A state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case is absolutely immune from a civil suit for damages under Sec. 1983 for alleged deprivations of the accused's constitutional rights. Id. To sustain an action against the remaining defendant, plaintiff's former retained counsel, it was incumbent upon plaintiff to present facts to substantiate that a conspiracy existed between defendant as a private individual and the prosecution to deprive him of a fair trial. Jones v. Jones, 410 F.2d 365 (7th Cir. 1969), cert. denied, 396 U.S. 1013 (1970); Dennis v. Sparks, 449 U.S. 24 (1980). The record is void of such factual support. Hence, plaintiff's complaint fails to state a claim upon which it can be granted. Francis-Sobel v. University of Maine, 597 F.2d 15 (1st Cir.), cert. denied, 444 U.S. 949 (1979); Dunn v. State of Tenn., 697 F.2d 121 (6th Cir. 1982).[1]
 
 
 4
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 We also note that subsequent to the filing of this appeal the plaintiff has died