Mary A. BROWN, Administratrix of the Estate of Vincent Brown, Deceased, Libellant,

v.

ANDERSON–NICHOLS & CO., Inc., Respondent.

No. 61–48–C.

United States District Court
D. Massachusetts.

March 19, 1962.

Philip A. Tracy, Needham, Mass., Walter J. Hurley, Boston, Mass., for plaintiff.

William A. Phillips, New York City, Warren H. McCredy, Boston, Mass., for defendant.

CAFFREY, District Judge.

This is a libel brought by Mary A. Brown, Administratrix of the Estate of Vincent Brown, against Anderson-Nichols & Co., Inc., a Massachusetts corporation. The action is brought under the Death on the High Seas Act, 46 U.S.C.A. §§ 761 to 768 inclusive, to recover for the conscious suffering and death of libellant's intestate, which occurred on January 15, 1961, when Texas Tower No. 4, located about 84 miles southeast of Coney Island, New York, broke up during a storm, collapsed, and fell into the sea, allegedly causing the conscious suffering and death.

Respondent has excepted to the libel on two grounds. The first exception states:

"The libel fails to state a cause of action for the recovery of conscious pain and suffering."

Section 761 of the Act provides:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

Section 762 of the Act provides:

"The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought."

The Death on the High Seas Act does not create or confer upon the statutory beneficiaries of a decedent a cause of action intended to survive the decedent for the benefit of his statutory beneficiaries, and in this respect it contrasts sharply with the provisions of the Jones Act, 46 U.S.C.A. § 688, to the extent that the Jones Act incorporates by reference Section 9 of the Federal Employers' Liability Act, 45 U.S.C.A § 59, which does provide for survival of the count for conscious suffering.

Had Congress intended to create a cause of action for conscious suffering which would survive to the representatives of the decedent or the group of beneficiaries denominated in Section 761, it indicated in the Jones Act that it was well aware of language apt to produce this result. Absent such language in the Death on the High Seas Act, no cause of action for conscious suffering is created thereby. Noble v. Moore-McCormack Lines, 96 F.Supp. 369, 372 (D.Mass. 1951); Decker v. Moore-McCormack

Lines, 91 F.Supp. 560, 561 (D.Mass. 1950); Gilmore & Black, The Law of Admiralty, p. 308.

Respondent's first exception is sustained.

The second exception states:

"The libel fails to state a cause of action under the Death on the High Seas Act because suit was not begun within two years of the wrongful act, neglect, or default complained of, as required by the Act."

Respondent argues that the two year period of limitation begins to run from the date of the negligent act or omission, without regard to the date when this act or omission impinged upon the body of the libellant's intestate so as to inflict personal injury or death. The libel herein alleges that the negligent act by the respondent occurred in 1957 and, therefore, respondent argues, since more than two years elapsed from 1957 to the time of the filing of the libel the libel is barred.

■■ I do not read Section 763 as literally and baldly as respondent contends it should be read. I believe that Congress intended by enacting Section 763 to impose a two year limitation upon a cause of action, and it is elementary that unless and until the negligent act impinges upon the person of a potential plaintiff there is, in fact, no cause of action in existence. Vancouver SS Company v. Rice, 288 U.S. 445, 448, 53 S.Ct. 420, 77 L.Ed. 885, "The substance and consummation of the occurrence which resulted in intestate's death and *so gave rise to respondent's cause of action * * *.*" (Emphasis added.)

Legislation should be read to give it a meaningful interpretation if its language is susceptible of such a construction. In enacting Section 763 Congress should not be deemed to have attempted to impose a limitation on a "non-cause of action," or upon an inchoate, partial or embryonic cause of action, but, on the contrary, should be deemed to have imposed a limitation upon a completed cause of action.

On the facts of this case no cause of action was in existence in 1957, nor unless and until the alleged negligence impinged upon the person of libellant's intestate.

This interpretation receives support by analogy from another case filed in this District in which the Court construed the words "act or omission" in a context of "where", as contrasted to the instant case which requires the words "act or omission" to be construed in a context of "when." See Lacey v. L. W. Wiggins Airways, Inc., 95 F.Supp. 916, 918 (D.Mass.1951), in which the Court ruled that a maritime tort had been committed where negligent failure to inspect an airplane while it was located at Logan Airport, East Boston, resulted in a later motor failure and crash of the plane while flying over the high seas.

Respondent's second exception is overruled.