**Joseph A. NUCCIO, Plaintiff-Appellee,**

v.

**ROYAL INDEMNITY COMPANY, Defendant-Appellant.**

No. 26373

Summary Calendar.

United States Court of Appeals Fifth Circuit.

Aug. 28, 1969.

Paul V. Cassisa, Bernard, Micholet & Cassisa, New Orleans, La., for appellant.

Frederick J. Gisevius, Jr., John H. Brooks, New Orleans, La., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The United States District Court for the Eastern District of Louisiana, sitting without a jury in admiralty, awarded Nuccio, the plaintiff-appellee, damages in the amount of $10,000 for personal injuries suffered when the boat in which he was riding crashed into the bank of a bayou. The boat was owned by Daniel Arceneaux who was insured by Royal Indemnity Company, defendant-appellant. Royal alleges that the trial court erred in finding Arceneaux negligent and in failing to limit liability to the value of the boat. Finding no merit in these allegations, we affirm.[1]

The accident occurred on January 13, 1963 while Nuccio, Arceneaux, Carl Dieck, Jr. and others were riding aboard Arceneaux's pleasure boat, *Pintail*. This craft is a wooden, eighteen-foot cabin cruiser powered by twin thirty-five horsepower outboard engines having dual throttle controls. While running under "full power" on a meandering bayou, Arceneaux delegated control of the *Pintail* to Carl Dieck, Jr. and went below to fix coffee. Dieck was admittedly inexperienced in operating a boat of this type. The crash occurred as a result of his failure to successfully negotiate a ninety-degree turn. The trial court found that Arceneaux was negligent in turning control of the vessel over to Dieck.

Royal's assignment of error is based primarily on Arceneaux's testimony bearing on Dieck's competence as a boat pilot. He testified that Dieck had operated the *Pintail* on at least one occasion prior to the accident, and that he had experience in operating similar craft and smaller boats. This testimony was directly contradicted by Dieck who said that he could not definitely remember having operated the *Pintail* prior to the accident and that he had no experience with similar craft. Dieck further testified that he had never operated a boat with twin engines.

The witnesses appeared before the court in person and credibility choices were made by the trial judge. This is a typical case for the application of the "clearly erroneous" concept upon appellate review.[2] An examination of the record clearly demonstrates that the district court's finding of negligence on the part of Arceneaux is amply supported by the evidence.

Once it is determined that Arceneaux was negligent and therefore liable for Nuccio's injuries, Royal's contention that the trial court erred in failing to limit liability to the value of the *Pintail* becomes frivolous. In order to limit the owner's liability, the injury must occur without his "privity or knowledge."[3] This phrase is often defined as "complicity in the fault that caused the accident."[4] Where the owner's negligent act caused the alleged injury as found by the trial court, clearly all of the requirements of "privity" are satisfied.

The judgment is affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969).

2. McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); 52

(a) Fed.R.Civ.P.; Haynes v. Rederi A/S Aladdin, 362 F.2d 345 (5th Cir. 1966); Compania Anonima Venezolana De Navegacion v. A. J. Perez Export Company, 303 F.2d 692 (5th Cir. 1962), cert. den. 371 U.S. 942, 83 S.Ct. 321, 9 L.Ed.2d 276 (1962).

3. 46 U.S.C. § 183 (1964).

4. In re Read's Petition, 224 F.Supp. 241, 251 (1963).