Gabrielle Joan DENNIS, Individually and in the Alternative, Anna Mae Dennis Malet, widow of M. Malet, Petitioner, and/or Curator of the Interdict, Gabrielle Joan Dennis, Plaintiffs-Appellees-Cross Appellants,

v.

CENTRAL GULF STEAMSHIP CORPORATION et al., Defendants-Appellants-Cross Appellees.

No. 71–1969
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1972.

Rehearing and Rehearing En Banc Denied Feb. 25, 1972.

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John R. Peters, Jr., of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Central Gulf Steamship Corp., defendants-appellants.

Charles G. Jacques, Jr., Harold J. Lamy, Dodd, Hirsch, Barker, Meunier, Boudreaux & Lamy, James C. Cockfield, New Orleans, La., for plaintiffs-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

In this appeal we are called upon to decide whether damages for a decedent's pain and suffering and funeral expenses, awarded by the court below, are available under the recent decisionally created federal right for wrongful death which occurs upon state territorial waters. We affirm.

Decedent Dennis was employed as a marine surveyor by the United States Maritime Administration. During the course of his official survey of the S.S. GREEN BAY, which was either owned or under demise charter to Central Gulf, he fell as he was descending a ladder in the forward part of No. 3 hold. This ladder was interrupted about four feet above the bottom of the hatch or tank top by angle irons that served as guard rails to protect a portion of the ship's piping. These guard rails, constructed at a slight angle to the tank tops, were situated so that one climbing down the ladder had to step backwards on the pipe guards prior to reaching the tank tops. None of the other ladders on the ship were obstructed in this manner.

Wolff, Central Gulf's Superintendent of Engineering, accompanied Dennis on his inspection. Wolff had descended the after ladder in No. 3 hold and had reached the tank tops when he saw Dennis coming down the forward ladder.

Wolff directed the beam of his flashlight upon the guard rail as Dennis reached it and said, "Joe, you're on the guard." There was no indication that Dennis heard the remark. In the next moment Dennis stepped back and fell to the tank top, suffering serious injuries from which he died eight and one half months later.

Dennis' thirty-one year old daughter and sole survivor, Gabrielle, brought this action charging that Central Gulf furnished an unseaworthy vessel and was guilty of negligence. The district court, 323 F.Supp. 943, found that Dennis was neither a seaman nor doing seaman's work and therefore not entitled to a warranty of seaworthiness, but the court found that Central Gulf was negligent in allowing an unsafe condition to exist aboard the vessel without providing an adequate warning.

## Negligence

Central Gulf urges that the trial court clearly erred in finding negligence and lack of contributory negligence. It points out that the pipe guard condition was common to all C2–SB1 class vessels such as the one in question, and that at least one thousand ships of this class were constructed. It defends Wolff's conduct as non-negligent because he did not know that Dennis, a professional marine surveyor, was unfamiliar with the condition in No. 3 hold, nor did he know that Dennis would use the forward ladder. Central Gulf also contends that Dennis was contributorily negligent because the district court found that Dennis did not descend the ladder with the utmost of caution. This finding, coupled with the fact that Dennis' purpose in being aboard was to search for and note any defects, it is argued, compels a finding of contributory negligence.

■ On the basis that negligence is not excused because it is often repeated, the district court found that the guard rail condition was unsafe despite the fact that other vessels may have been constructed in a similar manner. The court also found that Dennis utilized the

ladder in a normal fashion and was under no duty to use the utmost of caution because there was nothing to warn him of the unusual condition. We are unable to conclude that the findings of negligence on the part of Central Gulf and lack of contributory negligence on the part of Dennis are clearly erroneous. F.R.Civ.P. 52(a); Bethlehem Steel Corp. v. Yates, 5 Cir. 1971, 438 F.2d 798, 799. There is sufficient evidence to support the findings, see Nuccio v. Royal Indemnity Co., 5 Cir. 1969, 415 F.2d 228, 229, and we are not left with a definite and firm conviction that a mistake has been made. Union Oil Co. of California v. Tug Mary Malloy, 5 Cir., 1969, 414 F.2d 669, 670–671.

## Damages

From the date of The Harrisburg, 1886, 119 U.S. 199, 75 S.Ct. 140, 30 L.Ed. 358, until the decision in Moragne v. States Marine Lines, 1970, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339, there was no right to recover for wrongful death under the general maritime law, although dependents of those who died in state territorial waters could sue in the federal courts in admiralty to recover under state wrongful death statutes. In The Tungus v. Skovgaard, 1959, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 524, both the right of recovery for wrongful death and the limitations on that right were held to be those established by state law. In *Moragne* the Supreme Court overruled *The Harrisburg* and held "that an action does lie under general maritime law for death caused by violation of maritime duties." *Id.* 398 U.S. at 409, 90 S.Ct. at 1792. It specifically reserved for future decision the beneficiaries who may be entitled to recover, and the proper measure of damages to be awarded under the new federal right.

*In limine* we think it important to point out that Central Gulf does not challenge the right of decedent's daughter Gabrielle to bring this suit. The only issue raised is the proper measure of her damages.

The district court awarded damages to the decedent's daughter, Gabrielle Dennis, for loss of support, loss of services, decedent's loss of wages, pain and suffering prior to death and funeral expenses. Central Gulf objects to the award for pain and suffering and funeral expenses, contending that the uniformity dictated by *Moragne, supra,* is destroyed if those elements of damages are recoverable. Observing that neither decedent's pain and suffering nor funeral expense is allowed under the Death on the High Seas Act, Brown v. Anderson-Nichols Co., D.Mass.1962, 203 F.Supp. 489; The Culberson, 3 Cir. 1932, 61 F. 2d 194, Central Gulf argues that there is a disparity between the measure of damages awarded by the district court for the wrongful death which occurs on inland waters, as compared to a non-seaman who suffers death on the high seas.

■■ The specter of this disparity is largely illusory. While we agree that damages for pain and suffering are not recoverable under the Death on the High Seas Act we do not read the Act as excluding such recovery under another cause of action when death occurs on the high seas. Dugas v. National Aircraft Corp., 3 Cir. 1971, 438 F.2d 1386, 1391; *see also* Moragne v. States Marine Line, *supra* 398 U.S. at 400, 90 S.Ct. 1772. An action brought by dependents under the Death on the High Seas Act for a non-seaman decedent does not prevent the plaintiffs from recovering state survival damages in the same suit. Dugas v. National Aircraft Corp., *supra*; Petition of Gulf Oil Corp., S.D.N.Y.1959, 172 F.Supp. 911; *cf.* The Hamilton, 1907, 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264.

Even if a situation exists where the applicable state law does not provide damages for decedent's pain and suffering for a wrongful death on the high seas, this disparity does not destroy the uniformity mandated in *Moragne.* The "uniformity" that is fundamental in maritime law has to do with the bases of liability, not with differing elements of damages that may be recoverable in differing circumstances with differing classes of beneficiaries.

While "there is now a cause of action for wrongful death in admiralty that is not dependent on adjacent state law", Hornsby v. Fish Meal Company, 5 Cir. 1970, 431 F.2d 865, federal courts may look to state law and adopt it as the general maritime law if it is not inimical to the maritime law. Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 391 n. 3, 79 S.Ct. 468, 3 L.Ed. 2d 368 (Brennan, J., concurring). Indeed, when questions concerning the measure of damages require resolution *Moragne* points to the Death on the High Seas Act and the numerous state wrongful death acts that have been implemented with success as a persuasive analogy for guidance.

The decedent's conscious pain and suffering is not a pecuniary loss suffered by the decedent's beneficiaries, but most states, by survival action statutes, provide for the recovery of such damages. The federal courts have not hesitated to grant relief under state statutes when the death occurred on state territorial waters. *See Romero, supra* at 373, 79 S.Ct. 468. As *Moragne* teaches, it would be anomalous for us to take away a pre-*Moragne* remedy which was almost universally available by the application of state survival statutes when there is no federal maritime policy against such recovery. " '. . . [C]ertainly it better becomes the humane and liberal character of proceedings in admiralty to give than to withhold the remedy, when not required to withhold it by established and inflexible rules.' [The Sea Gull, 21 Fed.Cas. 909, 910 (No. 12,578) (C.C.Md.1865).]" *Moragne* 398 U.S. at 387, 90 S.Ct. at 1781.

■■ The maritime law permits an injured party to recover damages for his pain and suffering. Heredia v. Davies, 4 Cir. 1926, 12 F.2d 500, 501; Vastano v. Partownership Brovigtank, E.D.N.Y.

1957, 158 F.Supp. 477, 480. *Moragne* explained that,

" . . . our decision does not require the fashioning of a whole new body of federal law, but merely removes a bar to access to the existing general maritime law. In most respects the law applied in personal-injury cases will answer all questions that arise in death cases." *Id.* 398 U. S. at 405–406, 90 S.Ct. at 1790.

In applying this formula we find damages for pain and suffering appropriate here. Recovery for this element of damage was properly permitted by the district court under the general maritime law.

▮ Funeral expenses are in much the same category as pain and suffering. They, too, are not recoverable under the Death on the High Seas Act. Nevertheless, whether these expenses are payable by the estate or by the personal representative, it is a damage occasioned by the defendant's negligence or the unseaworthiness of his vessel. There is, of course, no modern precedent under the general maritime law for the recovery of this element of damage because until *Moragne* was decided there was no cause of action for wrongful death. The majority of states permit recovery for funeral expenses, Annot., 94 A.L.R. 438 (1935), and we perceive no reason why this should not be a proper element of damage under the general maritime law.

▮ Central Gulf also charges the trial court with error in awarding prejudgment interest. We find no abuse of discretion in the trial court's action. National Airlines v. Stiles, 5 Cir. 1959, 268 F.2d 400, cert. denied, 361 U.S. 885, 80 S.Ct. 157, 4 L.Ed.2d 121.

▮ Finally, Central Gulf contends that the evidence was insufficient to prove that Dennis' injuries proximately caused his death. This point was not presented to the district court and is raised for the first time on appeal. We decline to consider it. D. H. Overmyer v. Loflin, 5 Cir. 1971, 440 F.2d 1213, 1215; Wisconsin Barge Line v. Coastal Marine Transport, Inc., 5 Cir. 1969, 414 F.2d 872, 876.

▮ By cross-appeal Gabrielle Dennis seeks reversal of the trial court's refusal to award her damages for loss of love and affection, otherwise known as survivor's grief. There was no proof of such damage. We agree with the trial judge that "This is not an appropriate case to attempt to determine whether or not recovery should be permitted as a matter of law."

The judgment of the district court is Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.