CONSTRUCTORA SPILIMERG, C.A.,
Plaintiff-Appellant,

v.

MITSUBISHI AIRCRAFT COMPANY,
INC., Defendant-Appellee.

No. 82–1331

Summary Calendar.

United States Court of Appeals,
Fifth Circuit. ·

March 17, 1983.

James E. McDonald, Miami, Fla., for plaintiff-appellant.

Fulbright & Jaworski, William R. Pakalka, Layne K. Kruse, Houston, Tex., David M. Foster, Washington, D.C., Robert A. Burgoyne, for defendant-appellant.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In this skirmish to determine where the main battle will be fought concerning whether or not the seller of an airplane ten years ago breached its written contract of sale and a separate oral contract; breached its implied warranty of title; made false, misleading, and deceptive promises in the course of trade in violation of a Texas statute; and committed fraud, the district judge verified all of the relevant factors and decided that the Spanish-language courts of the buyer's place of business, where the contract was negotiated, rather than the English-language courts of the seller's place of business, where the plane was delivered, are more convenient forums. The question is close, but we review only for abuse of discretion, *Vaz Borralho v. Keydril Co.,* 696 F.2d 379, 384–385 (5th Cir. 1983); *Chiazor v. Transworld Drilling,* 648 F.2d 1015, 1017–18 (5th Cir.1981), *cert. de-*

*nied,* 455 U.S. 1019, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982), and find none.

■ However, it is not clear that the Venezuelan court urged by the seller as most practicable has personal jurisdiction over the seller, or, if it has jurisdiction, that a Venezuelan court can order the necessary documentation of title to the aircraft, should the buyer prevail and that be found an appropriate remedy. Dismissal of an action because of forum inconvenience when there is in fact no alternative forum is an abuse of discretion. *See Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed.2d 1055 (1947) (doctrine of forum non conveniens presupposes at least two forums in which defendant amenable to process). Therefore, to avoid a further trip to Venezuela and more jurisdictional litigation, the order of dismissal must be modified to provide that it is conditional. The order should read substantially as follows: if suit is commenced by the buyer in a Venezuelan court of general jurisdiction within thirty days, the seller shall accept service, waive objections to personal jurisdiction, and, without waiving any defenses to the merits, stipulate that, if the buyer prevails and the seller is ordered to provide title documents to the aircraft, the seller will assume responsibility for effectuating the court's judgment. *Compare Vaz Borralho v. Keydril Co.,* 696 F.2d 379, 394–95 (5th Cir.1983); *Zekic v. Reading & Bates Drilling Co.,* 680 F.2d 1107, 1108–09 (5th Cir.1982) (per curiam) (suggesting that the district court on remand consider similar conditions to dismissal for forum inconvenience); *Bailey v. Dolphin Int'l,* 697 F.2d 1268, 1279–1280 (5th Cir.1983).

REMANDED for modification of the judgment of dismissal substantially in accordance with this opinion.