**H. AZZOPARDI, Individually and as personal representative of the Estate of Paul Azzopardi, deceased, Plaintiff-Appellant,**

v.

**OCEAN DRILLING & EXPLORATION CO., et al., Defendant-Appellee.**

No. 83–2483.

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1984.

Opinion on Rehearing Nov. 19, 1984.

Newton B. Schwartz, Houston, Tex., for plaintiff-appellant.

Robert A. Chaffin, Chairman, Paul Miller, TTLA Committee on Admiralty Law, Houston, Tex., for amicus Texas Trial Lawyers Ass'n.

Charles D. Kennedy, Houston, Tex., for Ocean.

Frank E. Caton, Robert F. Maher, Houston, Tex., for Comex.

Randy J. McClanahan, Houston, Tex., for Comex Marine.

Before JOHNSON, HIGGINBOTHAM and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

I.

In October 1977, Paul Azzopardi, a British citizen, was killed while working as a diver off the Zephyr I, a semi-submersible

drilling rig located in the English Channel. In June 1979, Azzopardi's father brought this suit against Ocean Drilling and Exploration Company (ODECO), a Delaware corporation with its principal place of business in Louisiana, in the 215th Judicial District Court for Harris County, Texas. Azzopardi's suit for damages arising out of his son's death alleged causes of action under the Jones Act, 46 U.S.C. §§ 688 et seq., the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761 et seq., and the General Maritime Law. ODECO's insurer failed to retain defense counsel until July 17, 1979, one day after the time prescribed by Texas law for answering the complaint had expired, and Azzopardi had an interlocutory default order entered against ODECO. ODECO immediately removed the suit to the United States District Court for the Southern District of Texas and answered.

In the district court, Azzopardi filed an amended complaint stating the same claims and adding as defendants Comex Services, S.A., Comex Diving, Ltd., Comex, S.A., Comex Marine Services, Inc. and Comex Seal, U.S. (hereafter referred to as the Comex defendants). Service of process was never perfected on Comex Seal. Comex Marine Services was dismissed from the action in September 1980. Comex Diving, Comex Marine Services, and Comex Services all fall under the corporate umbrella of Comex, S.A. Comex Marine is a Delaware corporation with its principal place of business in Houston, Texas, Comex Diving is a British corporation, and Comex Services and Comex, S.A. are French corporations. Azzopardi later amended his complaint to allege that the Zephyr I was actually owned by two Danish corporations, but they were never made parties to the action.

After considerable discovery was taken, the Comex defendants each moved to have the action dismissed on the grounds of forum non conveniens, Azzopardi moved to have the action remanded to state court, and ODECO moved to have the interlocutory default judgment against it set aside. On July 28, 1983, the district court denied Azzopardi's motion and granted those of the Comex defendants and ODECO. The district court also held that the federal courts have exclusive jurisdiction of DOHSA claims, and since the state court was without original jurisdiction of the DOHSA claim, there was no derivative jurisdiction of that claim on removal. Apparently reasoning that no colorable Jones Act or general maritime law claim against ODECO was presented, the district court dismissed the entire action against ODECO.

■ In this appeal, Azzopardi urges that the district court erred in a number of respects: (1) holding that a DOHSA claim may be brought only in federal court; (2) dismissing his claims against the Comex defendants on forum non conveniens grounds; and (3) setting aside the interlocutory default judgment against ODECO.[1]

## II. DOHSA JURISDICTION

■ We need not decide whether a DOHSA claim may be brought in state as well as federal court. Even assuming that the state court was without jurisdiction of the DOHSA claim, and the district court could thus acquire no jurisdiction of it on removal,[2] Azzopardi's survival claim under the general maritime law was properly removed. Azzopardi's amended district court complaint restated his DOHSA claim against ODECO as well as the Comex de-

---

1. Azzopardi also urges that the district court erred in denying his motion to remand because his state court pleading stated a claim under the Jones Act. It is true that a Jones Act claim brought in state court may not be removed to federal court. *Pate v. Standard Dredging Corp.,* 193 F.2d 498, 500 (5th Cir.1952). Like the district court, however, we find that Azzopardi's amended complaint, stating that Paul Azzopardi was employed by the Comex defendants at the time of his death, dropped any allegation that ODECO was the Jones Act employer.

2. One of the great anomalies of federal jurisdiction is that a federal court may not acquire jurisdiction on removal of a claim of exclusively federal cognizance. This is so because removal jurisdiction is derivative, and a federal court derives no jurisdiction from a state court having none. See *Spencer v. New Orleans Levee Board,* 737 F.2d 435 (5th Cir.1984).

fendants, thus bringing the DOHSA claim properly before the district court.

Since Azzopardi seeks wrongful death damages under DOHSA and survival damages under the general maritime law, we confront a question of first impression for this circuit: whether the Supreme Court decision in *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), precludes the use of a general maritime law survival action to supplement the recovery allowed under DOHSA. We conclude that it does not.

■ The seminal proposition in our analysis is that a wrongful death action and a survival action are two distinct types of claims. In simplest terms, the wrongful death action is to recover damages to beneficiaries resulting from the decedent's death, the survival action to recover damages the decedent could have recovered but for his death. See *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. 573, 575 n. 2, 94 S.Ct. 806, 810 n. 2, 39 L.Ed.2d 9, 15 n. 2 (1974); *Michigan C.R. Co. v. Vreeland,* 227 U.S. 59, 67–68, 33 S.Ct. 192, 194–95, 57 L.Ed. 417, 421 (1913); *W. Prosser, Handbook of the Law of Torts* 898–901. DOHSA is a wrongful death statute and contains no survival provision. *Sea-Land Services, Inc. v. Gaudet,* 414 U.S. at 575–76, 575 n. 2, 94 S.Ct. at 810–11, 810 n. 2, 39 L.Ed.2d at 15–16, 15 n. 2.

Section 762 of DOHSA states that damages allowed under the statute "shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought ..." 46 U.S.C. § 762. It has been consistently held that this provision does not allow recovery for a decedent's pain and suffering, damages generally available by way of survival statutes. See, e.g., *Dugas v. National Aircraft Corp.,* 438 F.2d 1386, 1389–90 (3d Cir.1971); *Dennis v. Central Gulf Steamship Corp.,* 453 F.2d 137, 140 (5th Cir.), cert. denied, 409 U.S. 948, 93 S.Ct. 286, 34 L.Ed.2d 218 (1972); *Brown v. Anderson-Nichols Co.,* 203 F.Supp. 489 (D.Mass. 1962). The legislative history of DOHSA gives no indication that the statute was intended to affect survival actions. See *Kuntz v. Windjammer "Barefoot" Cruises, Ltd.,* 573 F.Supp. 1277, 1285 (W.D.Pa. 1983).

This leaves, in effect, a gap in the coverage provided by DOHSA. Prior to 1970, federal courts filled this gap by "borrowing" state survival of action statutes. See, e.g., *Dennis v. Central Gulf Steamship Corp.,* 453 F.2d at 140; *Montgomery v. Goodyear Tire & Rubber Co.,* 231 F.Supp. 447, 452 (S.D.N.Y.1964); *United States v. The S/S WASHINGTON,* 172 F.Supp. 905 (E.D.Va.), aff'd sub nom. *United States v. Texas Company,* 272 F.2d 711 (4th Cir. 1959); *Petition of Gulf Oil Corp.,* 172 F.Supp. 911 (S.D.N.Y.1959). See generally Gilmore & Black, supra, at 365. The Supreme Court's decision in *Moragne v. States Marine Lines,* 398 U.S. 375, 90 S.Ct. 17, 26 L.Ed.2d 339 (1970), recognizing the existence of a wrongful death action based on the general maritime law, opened up another avenue for filling this gap. After *Moragne,* numerous decisions of this and other circuits have recognized that under the principles announced in that decision, the general maritime law includes a survival action permitting recovery of a decedent's pre-death damages. See *Law v. Sea Drilling Corp.,* 523 F.2d 793, 795 (5th Cir. 1975); *Barbe v. Drummond,* 507 F.2d 794, 799–800 (1st Cir.1974); *Spillar v. Thomas M. Lowe, Jr. & Assoc., Inc.,* 466 F.2d 903, 909–10 (8th Cir.1972); *Greene v. Vantage Steamship Corp.,* 466 F.2d 159, 161–67 (4th Cir.1972); *In re Merry Shipping Co., Inc.,* 650 F.2d 622, 623 (5th Cir.1981).

The validity of the cases establishing the general maritime law survival action is not in question. The question we face is whether the construction of DOHSA set forth by the Supreme Court in *Higginbotham* prevents the use of this survival action in actions for deaths occurring in DOHSA's domain.

■ In *Higginbotham,* the district court ordered damages for pecuniary losses as authorized by DOHSA, but declined to award damages for loss of society. On appeal, we reversed and held that the gen-

eral maritime law wrongful death remedy established in *Moragne* could be used to supplement DOHSA and obtain non-pecuniary damages. *Higginbotham v. Mobil Oil Corp.*, 545 F.2d 422, 435–36 (5th Cir.1977). The Supreme Court granted certiorari to decide whether in addition to the damages explicitly authorized by DOHSA, the *Moragne* wrongful death remedy could be used in a DOHSA suit to recover non-pecuniary damages. The Court held that DOHSA was intended to be the exclusive *wrongful death* remedy in its area of coverage, and therefore the *Moragne* action could not be coupled with a DOHSA action to recover damages for wrongful death. 436 U.S. at 625, 98 S.Ct. at 2015, 56 L.Ed.2d at 587. The limited nature of this holding must be emphasized. Like DOHSA itself, *Higginbotham* treats solely wrongful death and wrongful death damages; it does not address survival actions. Given this, *Higginbotham* cannot be read as authority for the proposition that DOHSA precludes a survival action in the case of deaths occurring on the high seas.

As Justice Stevens pointed out in *Higginbotham,* "there is a basic difference between filling the gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." 436 U.S. at 625. Since DOHSA is a wrongful death statute which, whether through inadvertence or design, does not address survival of actions, it is entirely appropriate that the courts should fill what would otherwise be a legislative void by allowing the general maritime law survival action based on *Moragne* to supplement DOHSA. All of the post-*Higginbotham* decisions on this question which research has brought to light reach this conclusion. See *Kuntz v. Windjammer "Barefoot" Cruises, Ltd.*, 573 F.Supp. 1277, 1286 (W.D.Penn.1983), aff'd 738 F.2d 426 (3d Cir.1984); *Chute v. United States*, 466 F.Supp. 61 (D.Mass. 1978).

■ ODECO further argues that a general maritime law survival action could not be brought in state court. This argument ignores the long-established principle that the savings to suitors clause allows state courts to assume jurisdiction of in personam causes of action predicated on the general maritime law. See *Madruga v. Superior Corp.*, 346 U.S. 556, 560–61, 74 S.Ct. 298, 300–01, 98 L.Ed. 290, 295–96 (1953); *Law v. Sea Drilling Corp.*, 523 F.2d at 798; Gilmore & Black, *The Law of Admiralty*, § 1–13, at 40 (2d Ed.1975). The general maritime law survival action against ODECO is an *in personam* action, and as such the savings to suitors clause allows it to be brought in state court.

Since Azzopardi had a survival action under the general maritime law which could be brought in the Texas state court, then the district court had valid derivative jurisdiction of that claim on removal. This being the case, Azzopardi's first amended complaint, which specifically named ODECO as a defendant and restated the DOHSA claim, brought the DOHSA claim properly before the district court.

## III. FORUM NON CONVENIENS

■ We are persuaded that the district court did not err in dismissing the action against the Comex defendants on the basis of forum non conveniens.

As a preliminary to forum non conveniens analysis we inquire whether foreign or American law will govern the plaintiff's action, using the seven factors set forth in *Lauritzen v. Larsen*, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), to determine the substantiality of the suit's contacts with the United States: (1) place of the wrongful act; (2) law of the flag; (3) allegiance or domicile of the injured party; (4) allegiance of the shipowner; (5) place where the contract of employment was made; (6) inaccessibility of a foreign forum; and (7) law of the forum. We also consider an eighth factor from *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970), the shipowner's base of operations.

Considering all of these factors, the only connection between the United States and the transactions on which this suit is based is the fact that one of the Comex defend-

ants and ODECO are based in the United States. There is no indication that either American entity served as a base of operations for work in connection with the Zephyr I. In addition, in the case of a non-traditional vessel such as the Zephyr I, the decisions of this circuit direct that special weight be given to the place of occurrence of the wrongful act. *Bailey v. Dolphin International*, 697 F.2d 1268, 1275 (5th Cir.1983); *Chiazor v. Transworld Drilling Co.*, 648 F.2d 1015, 1018 (5th Cir.1981). In light of these factors, foreign law will apply.

■ *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) states the factors to be considered in determining whether dismissal for forum non conveniens is appropriate: (1) private interests of the litigants; (2) relative ease of access to sources of proof; (3) availability of compulsory process; (4) cost of obtaining attendance of willing witnesses; and (5) the possibility of view of the premises. The uncontested facts recited by the district court were that Paul Azzopardi was a citizen of the United Kingdom, virtually all of the witnesses and proof in the cases were located in Britain, and that the Zephyr I is on location in the English Channel. Under our decisions construing the *Gulf Oil Corp.* test, dismissal for forum non conveniens was entirely proper, particularly since foreign law would apply. See *De Oliveira v. Delta Marine Drilling Co.*, 707 F.2d 843, 846–47 (5th Cir.1983), *Bailey v. Dolphin International*, 697 F.2d at 1278.

In light of our holding that the suit against ODECO should not have been dismissed for lack of jurisdiction, however, we remand to allow the district judge to reconsider the forum non conveniens question taking into account the fact that, if the suit against ODECO proceeds in the district court and the suit against the Comex defendants proceeds abroad, the plaintiff will be forced to try his suit twice. Whether the action is dismissed against all defendants or less than all on forum non conveniens grounds, the dismissal should be made conditional in a manner consistent with our recent cases. See *Constructora Spilimerg, L.A., v. Mitsubishi Aircraft*, 700

F.2d 225, 226 (5th Cir.1983); *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 394–95 (5th Cir.1983).

## IV. THE INTERLOCUTORY DEFAULT JUDGMENT

■ Once a state court action is removed, it is governed by federal, rather than state, procedure. *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 525 (5th Cir.1978); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). Federal Rule of Civil Procedure 55(c) allows relief from a default judgment in accordance with the terms of Rule 60(b), which states that a judgment may be set aside for "... mistake, inadvertence, surprise, or excusable neglect ..." Rule 60(b) is applied most liberally to judgments of default, since trial on the merits is to be favored over such a truncated proceeding. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir.1981). Unless it appears that no injustice results from the default, relief should be granted. Absence of injustice is shown when the defendant cannot come forward with a defense of sufficient merit to raise the possibility of a change of outcome on retrial, which he had no fair opportunity to assert below. *Id.*

■ ODECO's failure to answer was the result of a mistake on the part of its insurer, a mistake which was immediately rectified. The default judgment was entered the day after an answer was due. ODECO removed to federal court and answered within nine days of that time, raising several meritorious defenses. In these circumstances there can be little doubt that the outcome could differ on retrial. Setting aside a default judgment is a matter within the sound discretion of the trial judge, and that discretion was certainly not abused in this case.

## CONCLUSION

In summary, we hold that Azzopardi's survival claim under the general maritime law is not precluded by *Mobil Oil Corp. v. Higginbotham*. The state court had jurisdiction over the survival claim and the district court derived valid jurisdiction of this claim on removal, and Azzopardi's amended complaint restated the DOHSA claim. The

dismissal of the action against ODECO is therefore vacated and remanded to the district court for further proceedings consistent with this opinion.

The district court's order of dismissal on forum non conveniens grounds was correct, but we vacate that order to permit the district court to reconsider it in light of our conclusion with respect to the action against ODECO. The district court's decisions setting aside the interlocutory default order and denying Azzopardi's motion to remand were not erroneous and are affirmed.

AFFIRMED in part—VACATED in part and REMANDED.

## ON PETITION FOR REHEARING

Before JOHNSON, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

After finding that it was unnecessary to decide whether the state court had jurisdiction over the DOHSA claims, we inadvertently stated that the state court was without jurisdiction of plaintiff's DOHSA claim. We correct this error by amending the initial two sentences of the conclusion section of the opinion to read as follows: "In summary, we hold that Azzopardi's survival claim under the general maritime law is not precluded by *Mobil Oil Corp. v. Higginbotham.*" Otherwise the application for rehearing is DENIED.