**Barry BRISTER and Karen Brister**

v.

**AWI, INC.**

**Civ. A. No. 88–5633.**

United States District Court,
E.D. Louisiana.

April 12, 1990.

A. Remy Fransen, Jr., Fransen & Hardin, Stanley J. Jacobs, Kenneth W. Manuel, Chester C. Stetfelt, Jr., Jacobs, Manuel & Kain, New Orleans, La., for plaintiffs.

Wood Brown, III, New Orleans, La., for defendant.

## REASONS FOR JUDGMENT

DUPLANTIER, District Judge.

Plaintiffs filed suit against AWI, Inc., and its insurer, the West of England Ship Owners Mutual Insurance Association (Luxembourg), under the Jones Act, 46 U.S.C.A.App. § 688 and the general maritime law for damages related to injuries sustained by plaintiff while employed by AWI aboard its vessel, AWI Rig # 4. Defendant's answer pleaded the defense of limitation of liability. At the pretrial conference, the parties agreed that all issues except those related to the limitation of liability defense would be tried by jury; issues related to limitation were to be tried to the court at a later date.

Among the interrogatories which the jury answered were the following:

3. Was defendant AWI, Inc. negligent in a manner that was a cause of injury to plaintiff Barry Brister?

  YES___ NO X

4. Was the vessel, AWI Rig # 4, unseaworthy in a manner that was a proximate cause of injury to plaintiff Barry Brister?

YES _X_ NO___

Damages of $385,000.00 were awarded to Barry Brister, and $25,000.00 was awarded to Karen Brister. Thereafter, the limitation issue was tried to the court without a jury and was taken under advisement. For the following reasons we hold that the unseaworthiness of the vessel was "without the privity or knowledge of" the owner and that defendants are therefore entitled to limit their liability to the value of the vessel. 46 U.S.C.App. § 183.

█ It is well established that in a limitation proceeding, when an injured seaman has carried the burden of proving that negligence or unseaworthiness was the cause of his injuries, the burden then shifts to the vessel owner to establish lack of privity or knowledge of the unseaworthy condition or negligence resulting in plaintiff's injury. *In re Farrell Lines, Inc.,* 530 F.2d 7 (5th Cir.1976), *Coleman v. Jahncke Service, Inc.,* 341 F.2d 956 (5th Cir.1963). The jury's finding of unseaworthiness clearly satisfies the plaintiffs' burden of proof. We conclude that the defendants have carried their burden of proof with respect to the vessel owner's lack of privity or knowledge of the unseaworthy condition of the vessel.

█ "[Privity or knowledge] is often defined as 'complicity in the fault that caused the accident.'" *Nuccio v. Royal Indemnity Company,* 415 F.2d 228, 229 (5th Cir.1969), citing *In re Read's Petition,* 224 F.Supp. 241, 251 (S.D.Fla.1963). The jury's finding that AWI was not negligent precludes a finding of privity or knowledge on the part of AWI. With respect to the law of negligence, the jury was instructed that, "... where the employer or his agents knew or should have known of dangerous conditions, and those conditions cause injury to a seaman, the employer is liable under the Jones Act." By exonerating AWI of negligence, the jury determined that AWI neither knew nor should have known of the condition which resulted in plaintiff's injury. The "knew or should have known" standard is also the proper standard for determining whether a corporate vessel owner had privity or knowledge

of an unseaworthy condition. *Verdin v. C & B Boat Co., Inc.,* 860 F.2d 150 (5th Cir.1988). Therefore, the jury found as a fact that the vessel owner lacked privity and knowledge of the unseaworthy condition.

We now face the issue of whether the jury's factual finding of lack of privity or knowledge is binding in the limitation proceeding. The parties do not call our attention to any case on point, nor do we find one. There is however, a footnote in *In re Double D Dredging Co.,* 467 F.2d 468 (5th Cir.1972), which refers not only to the binding nature of a prior finding but also to the issue that lack of negligence can be equated to a finding of lack of privity or knowledge. *In re Double D Dredging Co., Id.* at Footnote 2.

█ "Collateral estoppel precludes a party from relitigating an issue of ultimate fact that has already been decided in a prior adjudication." *Matter of Merrill,* 594 F.2d 1064, 1067 (5th Cir.1979). Collateral estoppel may be invoked when the issue at stake is identical to one involved in prior litigation, the issue has actually been litigated, and the determination of the issue in the prior litigation was a critical and necessary part of the judgment. *Stovall v. Price Waterhouse,* 652 F.2d 537 (5th Cir. 1981). All three criteria of collateral estoppel are satisfied here. AWI's lack of "privity or knowledge" of the dangerous condition is the key issue in this limitation proceeding and is identical to one of the issues addressed by the jury in its conclusion that AWI was not guilty of negligence. The "privity or knowledge" issue was fully and fairly litigated in the jury trial, and there can be no doubt, based on the above quoted jury instruction, that determination of AWI's "privity or knowledge" was a critical and necessary part of the jury's decision on negligence. Therefore, we conclude that the jury's verdict forecloses reexamination of the privity or knowledge issue.

Alternatively, conceding *arguendo* that the jury's finding as to negligence is not dispositive of the privity or knowledge issue, we conclude, based upon the evidence

at the jury trial as supplemented at the limitation trial, that AWI lacked privity or knowledge of the unseaworthy condition aboard Rig # 4. The best way to describe the unseaworthy condition aboard Rig # 4 is by reference to the exhibits. Based on the exhibits and the testimony, the jury apparently found that a straight edged floor mat was used in conjunction with the crescent shaped rotary mat as evidenced in Plaintiff's Exhibit 19. However, we cannot say that definitively, because the jury could have found that there was only a small gap between the crescent edged rotary mat and a crescent edged floor mat as evidenced in Plaintiff's Exhibit 24. One thing is clear: there is no evidence supporting the proposition that either condition existed at the time the rig left on this voyage. Therefore, plaintiff cannot invoke the rule of *Villers Seafood Co., Inc. v. Vest*, 813 F.2d 339 (11th Cir.1987), to the effect that a vessel owner cannot limit its liability if his vessel is unseaworthy due to equipment which was defective at the start of the voyage, because he is charged with knowledge of the existence of the condition.

Thus defendants are not precluded from proving that the vessel owner lacked privity or knowledge of the unseaworthy condition of Rig # 4. The only evidence we have on that point is the testimony of Jack MaClanahan, AWI's president, that there was no gap between the rotary mat and the floor mat on the day of the accident and that he did not know of any problem with the alignment of the mats on Rig # 4. It must be noted that there is no evidence that the crescent edged floor mat corresponding to the crescent edged rotary mat was not aboard Rig # 4 on the day of the accident. Because AWI denies that the condition ever existed and because there is no testimony from which we can determine how long the unseaworthy condition existed, we cannot find that AWI knew or should have known of the gap between the mats.

Regarding the amount of the limitation fund, we accept the undisputed testimony that at the time of the accident the value of Rig # 4 was $104,000.00 and that the value of the "expendables" was $4,635.00.

Therefore, the limitation fund is $108,-635.00. Interest is owed on this amount from the date of judgment. *The Victor*, 1 F.Supp. 931 (E.D.N.Y.1927).

Finally, we hold that the West of England Ship Owners Mutual Insurance Association (Luxembourg), is entitled to avail itself of limitation of liability. The cover note of insurance provided that coverage would be "as per the Rules of The West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg) and club drilling conditions as attached". Defendant Exhibit 36. However, the rules provided to AWI were those of The West of England Ship Owners Mutual Insurance Association (Luxembourg). The West of England Ship Owners Mutual Insurance Association (Luxembourg), the insuring entity involved herein, was previously known as The West of England Ship Owners Mutual Protection and Indemnity Association (Luxembourg). Its name was changed in 1985. We credit the uncontroverted testimony of James A. Danton that the entity was not changed except as to name. It is undisputed that the rules provided to AWI in conjunction with the issuance of the cover note contain the "Crown Zellerbach" language as set out in *Crown Zellerbach Corp. v. Ingram Industries, Inc.*, 783 F.2d 1296 (5th Cir.1986). Therefore, AWI's insurer has the same right as AWI to limitation of liability. The failure to change the insurer's name in the rules included in the cover note does not affect the result.

Accordingly, judgment will be entered in favor of plaintiffs and against defendants in the amount of $108,635.00.