575 So.2d 216 (1990)
George D. PERLMAN, As Trustee for City Isles Trust, Appellant,
v.
Jose A. VALDES, Individually and As Personal Representative of the Estate of Sherry Lynn Valdes; Jack and Linda Newton, Individually, Appellees.
No. 89-634.
District Court of Appeal of Florida, Third District.
December 18, 1990.
Rehearing Denied March 25, 1991.
*217 Anderson, Moss, Russo & Cohen and Ralph O. Anderson, Daniels & Hicks, Miami, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh, Scott D. Sheftall and Robert A. Schreiber, Miami, for appellees.
Before NESBITT, BASKIN and COPE, JJ.
BASKIN, Judge.
George D. Perlman, as trustee for City Isles Trust [Trust], appeals a final judgment awarding damages to Jose A. Valdes and to the estate of his wife, Sherry Lynn Valdes, for her wrongful death. Jack and Linda Newton, Sherry's parents, cross-appeal an adverse summary judgment. We affirm the final judgment in part, reverse in part, and affirm the summary judgment.
Sherry Lynn Valdes died as a result of injuries she sustained when the speedboat in which she and her husband, Jose, were riding struck an unlighted, unused concrete pier. Jose, individually and on behalf of Sherry's estate, instituted a wrongful death action against the Trust, the owner of the pier, predicated on the Trust's negligence and its failure to light the pier in accordance with federal regulations. The Newtons sought damages arising from their daughter's wrongful death. The Trust moved for summary judgment against the Newtons' claims. The trial court granted the motion.
The remaining claims were tried before a jury. At the conclusion of the trial, the jury decided that the Trust had been guilty of negligence per se because it had failed to comply with federal maritime regulations, and that Jose and Sherry were 25% negligent. The jury returned a verdict awarding the estate $250,000 and Jose, individually, $250,000. The Trust moved for a new trial and for remittitur of the award to the estate. The trial court denied the motion and in accordance with the verdict, entered final judgment. The Trust filed an appeal, and the Newtons filed a cross-appeal from the summary judgment.
We agree with the Trust's argument that the jury verdict in favor of the *218 estate exceeds the evidence of Sherry's loss of earnings and net accumulations. A new trial is appropriate when a verdict awards damages contrary to the manifest weight of the evidence. Allred v. Chittenden Pool Supply Co., 298 So.2d 361 (Fla. 1974); Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), review denied, 553 So.2d 1165 (Fla. 1989); Gup v. Cook, 549 So.2d 1081 (Fla. 1st DCA 1989); Hawk v. Seaboard System R.R., Inc., 547 So.2d 669 (Fla. 2d DCA 1989). We therefore reverse the portion of the judgment representing the award to the estate, and remand for a remittitur or a new trial on the issue of the amount of the estate's damages. Finding that the remaining points lack merit, we affirm the final judgment in all other respects.
The parents' cross-appeal also lacks merit. The trial court properly granted summary judgment in the Trust's favor as the parents may not recover under general maritime law absent a showing of financial dependence on the decedent. Miles v. Apex Marine Corp., ___ U.S. ___, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990); Sistrunk v. Circle Bar Drilling Co., 770 F.2d 455 (5th Cir.1985), cert. denied, 475 U.S. 1019, 106 S.Ct. 1205, 89 L.Ed.2d 318 (1986).
Affirmed in part, reversed in part, and remanded.