## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Robert L. Johnson,
Executor, etc., et al.

v.

George S. Walsh
and A. Jackson Mason

v.

Folly Creek Corp.

January 21, 1997

Case No. (Law) CL96-2077

BY JUDGE JEROME B. FRIEDMAN

This case arises out of a collision between two motorboats on Folly Creek in Accomack County, Virginia, on September 9, 1993. One of the vessels was operated by the defendant George S. Walsh and titled to Folly Creek Corporation. The plaintiff's wife and daughter were on that boat and were killed in the collision. The second vessel was a motorboat operated by the defendant, A. Jackson Mason.

Plaintiff filed a motion for judgment against these defendants alleging that defendants operated their boats in darkness, without lights, at excessive speeds, and failed to maintain proper lookout. A third-party motion for judgment was filed by defendant, A. Jackson Mason, against Folly Creek Corporation alleging that if Mason is liable to plaintiff, then Folly Creek Corporation is liable to Mason by way of indemnity or contribution. Defendants have filed a special plea of the statute of limitations.

Defendants argue that this action is barred by the two-year Virginia statute of limitations for wrongful death actions. Plaintiff maintains that the Virginia statute of limitations does not apply because this is a suit for recovery for death arising out of a maritime tort and that the three-year federal maritime statute

of limitations applies. The parties do not dispute that if the two-year statute of limitations applies, this action is time barred; but if the three-year statute of limitations applies, it is not.

The question presented is whether or not there is a substantive federal cause of action that requires application of federal procedure. If there is no federal cause of action, the only remedy for the plaintiff is found in the Virginia Wrongful Death Act. If the only cause of action falls under the Virginia Wrongful Death Act, the court must apply the applicable state statute of limitations.

The arguments of both plaintiff and defendants center on two United States Supreme Court cases, *Moragne v. State Marine Lines*, 398 U.S. 375 (1970), and *Yamaha Motor Corp. v. Calhoun*, 116 S. Ct. 619 (1996). *Moragne* held that an action lies under general maritime law for death caused by violation of maritime duties. *Yamaha* held that state remedies have not been preempted by the federal maritime wrongful death action recognized in *Moragne*.

Because the holding in *Moragne* referred to "maritime duties," there is a question as to whether *Moragne* recognized a cause of action under general maritime law for death caused by negligence, or whether *Moragne* limited the cause of action to death caused by unseaworthiness. Several jurisdictions have held that the Supreme Court intended to create a wide-reaching common law wrongful death action in *Moragne* that included seafarers and non-seafarers alike and provided a cause of action grounded in unseaworthiness and negligence. *See Choat v. Kawasaki Motors*, 675 So. 2d 879 (Ala. 1996); *Neil v. McGinnis*, 716 F. Supp. 996 (E.D. Ky. 1989); *Garner v. Dravo Basic Materials*, 768 F. Supp. 192 (S.D. W. Va. 1991); and *Cantore v. Blue Lagoon Water Sports, Inc.*, 799 F. Supp. 1151 (S.D. Fla. 1992).

The Supreme Court of Virginia, however, has reached a different conclusion. In *Brown v. Brown*, 226 Va. 320 (1983), the Virginia Supreme Court concluded that the *Moragne* remedy only applies to unseaworthiness. According to the Court, there is no federal cause of action for the death of non-seamen in state territorial waters occasioned by negligence. *See also Minnick v. United States*, 1991 A.M.C. 1284 (E.D. Va. 1990).

The recent United States Supreme Court case, *Yamaha Motor Corp. v. Calhoun*, 116 S. Ct. 619 (1996), provides yet another wrinkle. In footnote seven, Justice Ginsburg noted:

> If *Moragne's* wrongful death action did not extend to non-seafarers like Natalie, one could hardly argue that *Moragne* displaced state law remedies the Calhouns seek. Lower courts have held that *Moragne's* wrongful death action extends to non-seafarers. [Cites omitted.] *We*

*assume, for the purposes of this decision*, the correctness of that position. Similarly, as in prior encounters, we assume *without deciding* that *Moragne* also provides a survival action. [Citation omitted.] The question we confront is not what *Moragne* added to the remedial arsenal in maritime cases, but what, if anything, it removed from admiralty's stock. [Emphasis added.]

*Yamaha* at n. 7, 116 S. Ct. at 626.

Plaintiff urges this court to interpret footnote seven of *Yamaha* as an implicit affirmation of a common law maritime wrongful death action for non-seafarers. This court, however, reads Justice Ginsburg's footnote as a specific reservation of the issue. It is not a "ruling" that can be found to overrule the Virginia Supreme Court in *Brown*.

In sum, this court has before it the 1970 *Moragne* decision that is susceptible to a variety of interpretations, subsequent federal and state court decisions interpreting *Moragne* as creating a broad remedy, the Virginia Supreme Court decision directly on point rejecting this interpretation, and the subsequent United States Supreme Court decision in *Yamaha* specifically reserving the question. Plaintiff urges the court to, in effect, rule that if the Virginia Supreme Court were presented with this question today, it would decide differently than it did in *Brown*. This court cannot do so. As persuasive as the reasoning may be from other jurisdictions, *Brown* remains the law in Virginia.

Because the Virginia Supreme Court has held that there is no federal cause of action for the death of non-seamen in state territorial waters occasioned by negligence, the plaintiff's only remedy is Virginia law. The plaintiff did not file his motion for judgment within the two-year statute of limitations for wrongful death, thus his claim is barred.

The special plea of the statute of limitation is sustained, and the motion for judgment is dismissed. The third party motion for judgment, being derivative of this claim, is also dismissed.